TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00450-CV






Carmen Louisa Rodriguez, Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT

NO. C-08-0123-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 This is an appeal from an order terminating appellant's parental rights based on an
irrevocable affidavit of voluntary relinquishment and after a hearing pursuant to Texas Family Code
section 263.405(d) in which the trial court found the appeal to be frivolous as provided by
section 13.003(b), Texas Civil Practice and Remedies Code. See Tex. Fam. Code Ann. § 263.405(d)
(West 2008); Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b) (West 2002). At the hearing, appellant
Carmen Luisa Rodriguez orally argued that she wished to withdraw the affidavit of relinquishment. (1) 
We affirm.

 After the Texas Department of Family and Protective Services filed a petition to
terminate the parental rights of both parents, including Rodriguez, to the child, G.K.R., a bench trial
was held on June 26, 2009. On that date prior to trial, Rodriguez signed an irrevocable affidavit of
voluntary relinquishment of parental rights in which she swore that termination of the parent-child
relationship between appellant and G.K.R. was in the child's best interest and relinquished all of her
parental rights and duties to G.K.R. Rodriguez was not present at trial. At the close of trial, the trial
court terminated the parental rights of both parents and appointed the Department as sole permanent
conservator of the child. The trial court rendered a final decree incorporating its findings.

 On July 14 and 16, 2009, the trial court held a section 263.405(d) hearing to
determine, among other things, whether a new trial should be granted and whether any appeal from
the termination order was frivolous. At the hearing, Rodriguez did not contend that her affidavit of
relinquishment was executed involuntarily, but she stated that she had been under stress because she
was dealing with warrants against her and that she had changed her mind about relinquishment. She
asserted that she was "tired of dealing" with the Department and found it untrustworthy. The
Department urged that Rodriguez did not have a legal basis for the appeal and that she was
familiar with the relinquishment procedure since this was her second relinquishment and
termination proceeding. (2) 

 The trial court found that no party had filed a motion for new trial, a statement of
points on appeal, or provided any evidence to warrant a new trial. The court found the appeal to be
frivolous pursuant to the provisions of section 13.003(b), Texas Civil Practice and Remedies Code.
After filing a notice of appeal and statement of points on appeal, appellant's counsel filed a motion
to withdraw, which the trial court granted.

 In December 2009, appellant was notified that her brief was overdue and that if she
failed to file a brief on or before January 15, 2010, this Court would review the record and render
an order regarding frivolousness based upon the record. To date, no brief has been filed.

 In her statement of points on appeal, Rodriguez urges that the evidence was factually
and legally insufficient to support that (i) she voluntarily executed an unrevoked and irrevocable
affidavit of relinquishment of parental rights to G.K.R. in compliance with Chapter 161 of the Texas
Family Code and (ii) the termination was in the best interest of the child. See Tex. Fam. Code Ann.
§§ 161.001(1)(k), .103 (West 2008 & Supp. 2009). No evidence was adduced at the hearing except
for Rodriguez's unsworn statement that she was under stress at the time of the execution of the
affidavit of relinquishment. 

 We must review the record and consider whether the trial court abused its discretion
in determining that her appellate points were frivolous. See Tex. Fam. Code Ann. § 263.405(g)
(West 2008); In re M.R.R., No. 04-04-00723-CV, 2004 Tex. App. LEXIS 10239, at *2 (Tex.
App.--San Antonio 2004, no pet.) (mem. op.) (holding that an appellate court reviews a trial court's
findings under section 263.405 for abuse of discretion). An appeal from a termination order is
frivolous if it lacks an arguable basis either in law or in fact. In re M.R.R., 2004 Tex. App. LEXIS
10239, at *2. 

 Rodriguez raised no evidence that her execution of the relinquishment affidavit was
involuntary. Although Rodriguez asserted at the hearing that she was under stress and not thinking
clearly at the time she executed the affidavit, she was not sure of any legal basis on appeal. She did
not testify to these facts at the hearing or to any evidence that would support that her affidavit was
involuntarily executed. Nor did she state why she was not present at the termination hearing. 
Reviewing the record, we hold that there is no evidence that the affidavit was procured by improper
means or that it was involuntary and the trial court did not abuse its discretion in determining that
her appeal was frivolous. 

 With regard to Rodriguez's sufficiency issues, at the hearing on the motion for new
trial and statement of appellate points, Rodriguez's attorney did not attack the trial court's findings
supporting termination or summarize for the trial court the evidence that was missing or insufficient
to sustain the findings or adduce any evidence that would support a finding of involuntariness. 
Based upon our review of the record, we conclude that the trial court did not abuse its discretion in
determining that Rodriguez's appeal was frivolous.

 We affirm the trial court's order terminating Rodriguez's parental rights. 


 __________________________________________


 Jan P. Patterson, Justice


Before Justices Patterson, Puryear and Henson

 

Affirmed

 

Filed: April 28, 2010



1. Only Rodriguez appeals from the termination order.
2. According to the hearing transcript, appellant previously had signed an affidavit of
voluntary relinquishment of other children.